Donald **DANIELS,** individually and as the administrator of the Estate of James Daniels; Stephanie McDonough, Plaintiffs–Appellees,

v.

**COUNTY OF VENTURA;** Ventura County Sheriff's Department; Vincent Camou, Deputy, Defendants–Appellants.

No. 05–55407.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed April 5, 2007.

---

William J. Kahn, Esq., Law Offices of Fred G. Glantz, Todd Krauss, Esq., Krauss & Krauss, Encino, CA, Brian R. Magana, Esq., Magana Cathcart & McCarthy, Los Angeles, CA, Peter M. Williamson, Esq., Williamson & Associates, Marina Del Rey, CA, Peter M. Williamson, Esq., Williamson & Associates, Woodland Hills, CA, for Plaintiffs–Appellees.

James S. Eicher, Oxnard, CA, for Defendants–Appellants.

Before: KOZINSKI and TROTT, Circuit Judges, and MOLLOY,* District Judge.

### MEMORANDUM **

Officer Camou shot Daniels 8 times, 7 in the back, even though there were no bystanders nearby and Camou stood directly between Daniels and the entrance to the swim school. Furthermore, Camou did not warn Daniels that he would shoot— only that he could not let Daniels "go up"

toward the swim school, a command that Daniels obeyed. This distinguishes the case from *Blanford v. Sacramento County*, 406 F.3d 1110 (9th Cir.2005), where the police shot a sword-wielding man who was attempting to enter a private residence, after warning him that they would shoot if he did not stop and drop the sword. *Id.* at 1112–13.

Moreover, Daniels was not a criminal suspect but a disturbed young man who had not threatened or harmed anyone. This distinguishes *Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam), where the police shot a felony suspect who was fleeing in a car and "persons in .the immediate area [were put] at risk from that flight." *Id.* at 195, 200, 125 S.Ct. 596.

The facts, construed in the light most favorable to the plaintiffs, illustrate that Camou violated Daniels' clearly established Fourth Amendment rights. *Deorle v. Rutherford*, 272 F.3d 1272, 1275 & n. 1 (9th Cir.2001). The Fourth Amendment clearly barred Camou from using deadly force because he did not have probable cause to believe that Daniels posed a "significant threat of death or serious physical injury to the officer or others," *Tennessee v. Garner*, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), especially because Daniels was not a criminal suspect, *Deorle*, 272 F.3d at 1283, and Camou did not warn him that he would shoot, *id.* at 1282. Camou is thus not entitled to qualified immunity.

**AFFIRMED.**

TROTT, Circuit Judge, dissenting.

Because I believe that Officer Camou did have probable cause to believe that

---

* The Honorable Donald W. Molloy, Chief United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Daniels posed a serious threat of serious injury both to Officer Camou and to others, I would grant summary judgment to the defendants on the ground of qualified immunity. With all respect to my colleagues, *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir.2001) is distinguishable and inapposite. Deorle was unarmed when he was shot, had generally obeyed instructions given him by various police officers, had not committed any serious offense, and was not a flight risk. By comparison, Daniels was armed with a weapon capable of causing serious injury and death; had disobeyed every reasonable instruction shouted to him by the officers, including instructions to drop his weapon; had committed and *was committing* the serious offenses of physically resisting arrest in violation of California Penal Code Sections 148, 834a, and 834b; and had broken away from the officer's grasp and was continuing his flight. Daniels' death was a tragedy one wishes could have been avoided, but in this fast moving scenario, the remedy is not to subject the officer to this lawsuit.